IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES D. HOLLEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:17-CV-00072 |
| | § | |
| WELLS FARGO BANK, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on September 8, 2017, the Court **GRANTED** Attorney John P. Swallow's ("Swallow") Unopposed Motion to Withdraw as Plaintiff's attorney of record. *See* Dkt. No. 16.

Swallow represents that he was hired by the Law Office of Vaughn L. Westheimer ("Westheimer") to assist Westheimer in the preparation and filing of a Motion to Remand in the above-captioned case. *See id.* Westheimer was Plaintiff's lead attorney when the case was removed to federal court on February 20, 2017, and Westheimer continues as Plaintiff's lead attorney. *See* Dkt. No. 1, Exh. C at 2; Dkt. No. 12 at 5. At the time the case was removed, Westheimer was not admitted to practice before the Court, but Swallow was admitted. *See* Attorney Admission Reports for Vaughn Loran Westheimer & John Patrick Swallow, U.S. District Court for the Southern District of Texas, CM/ECF (https://ecf.txsd.uscourts.gov). Swallow represents that, for this reason, Westheimer hired him to file a Motion to Remand on Plaintiff's behalf. *See* Dkt. No. 16. Since Westheimer has been admitted to practice before this Court, *see* Attorney Admission Report, Swallow states that his assistance is no longer required. *See* Dkt. No. 16. Westheimer and Defendants' counsel are unopposed to the present Motion. *See id.*

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). The withdrawing attorney bears the burden of

proving the existence of good cause for withdrawal. *See Federal Trade Commission v. Intellipay*, 828 F. Supp. 33, 34 (S.D. Tex. 1993) ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient."). Whether leave is granted is a matter within the trial court's sound discretion. *Wynn*, 889 F.2d at 646.

Swallow has shown good cause for withdrawal. Namely, Westheimer no longer requires his assistance and Westheimer will continue to represent Plaintiff. Moreover, Swallow's withdrawal will cause no delays in this case. *See* S.D. TEX. L.R. 83.2 ("[N]o delay will be countenanced because of a change in counsel . . . ."). Although Swallow has not shown that he has provided reasonable notice of his withdrawal to Plaintiff, Swallow provided notice to Plaintiff's lead attorney, who is unopposed to Swallow's present Motion. *See* Dkt. No. 16.

Because Plaintiff will not be prejudiced by Swallow's withdrawal, the Court **GRANTS** Swallow's Motion to Withdraw as Plaintiff's attorney of record.

SIGNED this 8th day of September, 2017.

_____
Hilda Tagle
Senior United States District Judge